UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALVINO SANTACRUZ-RIVERA, )
)
Petitioner, ) CASE NO. C09-832-MJP-MAT
) (CR06-425-MJP)
v. )
)
UNITED STATES OF AMERICA, ) REPORT AND RECOMMENDATION
)
Respondent. )
_____ )

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently confined at the Correctional Institution at California City, California. He has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal court sentence. The government has filed a response to petitioner's § 2255 motion in which it argues that the motion is not timely.[1] This Court, having reviewed petitioner's § 2255 motion, the government's response thereto, and the balance of the record, concludes that petitioner's § 2255 motion is untimely and should therefore be dismissed.

---

[1] On July 14, 2009, the government filed a motion seeking an extension of time from July 29, 2009, to August 31, 2009, to file its answer to petitioner's motion. However, the government timely filed its response on July 29, 2009. The government's motion for an extension of time (Dkt. No. 6) is therefore STRICKEN as moot.

REPORT AND RECOMMENDATION
PAGE 1

## DISCUSSION

On May 3, 2007, petitioner entered a guilty plea to one count of distribution of heroin. (CR06-832-MJP, Dkt. No. 425.) On August 10, 2007, petitioner was sentenced to a term of 51 months imprisonment. (*Id.*, Dkt. Nos. 581 and 582.) The judgment was entered on the same date. (*Id.*, Dkt. No. 582.) Petitioner did not appeal the judgment. On June 15, 2009, this Court received the instant § 2255 motion for filing. (Dkt. No. 1.) A review of the motion reveals that it was signed by petitioner, and mailed, on June 9, 2009. (*See id.* at 8-9.) The government argues that petitioner's motion is untimely because it was filed more than one year after his conviction became final. (Dkt. No. 7.)

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The one year limitations period starts to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, as here, a defendant does not file a direct appeal, his conviction becomes final for purposes of § 2255 upon the expiration of the time for filing such an appeal. *See United States v. Schwartz*, 274 f.3d 1220, 1223 (9th Cir. 2001). In this case, petitioner's conviction became final not later than August 24, 2007. Petitioner was therefore required to file his § 2255 motion by August 24, 2008. Petitioner did not sign his § 2255 motion until June 9, 2009, over nine months after the expiration of the statute of limitations. Petitioner's § 2255 motion is therefore untimely.

//
//
//
//
//

REPORT AND RECOMMENDATION
PAGE 2

## CONCLUSION

As the record makes clear that petitioner filed his § 2255 motion outside the limitations period, this Court recommends that petitioner motion and this action be dismissed with prejudice. A proposed order is attached to this Report and Recommendation.

DATED this <u>4th</u> day of November, 2009.

Mary Alice Theiler
United States Magistrate Judge